NEFF et al. v. VARN et al.

(Circuit Court of Appeals, Fifth Circuit. March 14, 1927.)

No. 4909.

1. Brokers ⬡➾102—Broker with whom real estate was listed for sale held not agent of owners to represent condition of title.

Owners of lots, who listed them with a broker for sale, with authority to deliver deeds and receive payment, cannot be held responsible to purchasers for representation made by the broker respecting the title.

2. Cancellation of instruments ⬡➾43—Bill to rescind purchase of land, property of different owners, held properly dismissed on evidence that some owners were not affected by alleged fraud.

A bill for rescission for fraud of a contract, made through a broker, for purchase of a tract of real estate, property of different owners, held properly dismissed on evidence that some of the owners were not affected by the alleged fraud.

3. Vendor and purchaser ⬡➾37(1)—For rescission, false representations must have been relied on.

Purchasers of real estate held not entitled to rescission of the contract on the ground that false representations as to title were made by vendors' agent, without showing that they relied on the representations.

Appeal from the District Court of the United States for the Southern District of Florida; William I. Grubb, Rhydon M. Call, and Lake Jones, Judges.

Suit in equity by August E. Neff and others against Joseph L. Varn and others. Decree for defendants, and complainants appeal. Affirmed.

John H. Bishop, of Miami, Fla., for appellants.

Floyd L. Knight and A. C. Dressler, both of Miami, Fla., and V. C. Giblin, of Ft. Lauderdale, Fla., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellants seek to reverse a decree dismissing their bill of complaint for the rescission of a sale of land, on the ground of fraud. The question here is whether the averments of fact contained in the bill are sufficient to require the granting of the relief prayed for, as appellees were not required to answer, and the bill was dismissed on their motion for want of equity.

This suit was brought against Allen, Meier, Bryant, Varn, Saunders, and Giblin, and the charges of fraud are in substance as follows: Varn was a real estate broker in Ft. Lauderdale, Fla., and, prior to the transaction complained of, had been acting as special agent of appellants in the purchase and sale of land in Florida. On his advice they had made several purchases and sales without investigation, in which he had satisfactorily represented them, and in this way secured their complete trust and confidence. Prior to May 18, 1925, Varn procured from the then owners the listing for sale of a solid tract, consisting of eight town lots, numbered 1 to 8, in the same block. On the date just stated he advised appellants by wire to purchase these lots, quoting them a price of $130,000, on terms of cash $50,000 and mortgages of $80,000. On May 22 appellants by wire authorized Varn to purchase on the terms stated, and sent $5,000 for a 30-day option. On June 18 they arrived at Ft. Lauderdale from Chicago for the purpose of exercising their option, and were met by Varn, who told them that he had had the title to the property examined by his attorneys, appellees Saunders and Giblin; that the title was clear and merchantable, except for mortgages aggregating approximately $20,000; that it was necessary for appellants to act promptly, as otherwise the owners would cancel the option and forfeit the $5,000 deposited as earnest money. They requested Varn to deliver to them abstracts of title, in order that they might have the title approved by their own attorneys before the sale was consummated. Varn replied that he would furnish them the next day with the opinion of his attorneys, who had assured him that the title to the entire tract was merchantable. On the next day appellants held a conference with Varn and Saunders, at which Saunders stated that he had examined the title and delivered his opinion on it to Varn; that the title was good, but that there were outstanding mortgages on it aggregating $20,666; that he had raised several objections in his opinion, but that the matters objected to did not really affect the title.

Appellants at first took the position that they would not complete the purchase until after all defects of title had been cured; but Varn and Saunders then stated that they personally would see that any minor defects were corrected, and thereupon appellants, "relying on the statement of Saunders that the said title was good and merchantable, and on the representations of Varn and Saunders, as hereinabove alleged, and not otherwise, and believing that they were purchasing a merchantable fee-simple title to all of said property," accepted from Varn warranty deeds

executed by the then owners, appellees Allen, Meier, and Bryant, and delivered to him, in his capacity as agent for said owners, $50,000 in cash, and purchase-money mortgages executed by appellants aggregating $59,334. Saunders' fee for examining and passing on the titles was paid by appellants. There were three separate deeds, and three separate corresponding purchase-money mortgages. Allen conveyed lots 1, 2, 3, and 4, subject to mortgages aggregating $13,000, and accepted the purchase-money mortgage of appellants thereon as security for $30,333.34; Meier conveyed lots 5 and 6, subject to a mortgage of $5,000, and accepted the purchase-money mortgage of appellants thereon as security for $13,444.11; Meier and Bryant jointly conveyed lots 7 and 8, subject to a mortgage of $2,666, and accepted the purchase-money mortgage of appellants thereon as security for $15,556.22. Varn signed the last-named deed for Meier, under a power of attorney.

It thus appears that the mortgages assumed aggregated $20,666, the amount stated by Saunders, and the purchase-money mortgages $59,334, or a total of $80,000, in accordance with the terms of the option, as understood by appellants. But there was an additional outstanding mortgage of $7,334 of record on lots 7 and 8, which had been jointly owned by Meier and Bryant, the existence of which was not disclosed by Varn, Saunders, or Giblin, and was not discovered by appellants until shortly before they filed this suit. To prevent appellants from discovering the true condition of the title, Varn induced them to list the property they had just bought with him for sale, and allow him to keep the abstracts of title, so that they would be available in the event of a quick sale. In December of 1925, Varn, not having sold the property in the meantime, on their demand, delivered to them all the abstracts, except that on lots 7 and 8. Later they submitted abstracts on all the lots to their attorneys, whose advice, based thereon, was to the effect that their title to lots 7 and 8 was subject to the $7,334 mortgage, which had not been assumed; that Meier and Bryant had made an assignment of their purchase money of $15,556.22 from appellants for the purpose of securing them against loss, but that such assignment was ineffectual to satisfy a warranty deed against prior incumbrances. According to that opinion there were no defects worthy of mention in the title to the four lots conveyed by Allen, and none of any substance in the title to the lots conveyed by Meier individually. In

the title conveyed by Meier and Bryant jointly it is claimed that there were certain flaws which need not be stated, as they might all well be characterized as the "minor defects" referred to by Saunders, which he and Varn had agreed to remove. Varn, Saunders, and Giblin either had, or were chargeable with, knowledge of the existence of the $7,334 mortgage, and with the defects of title. If appellants had had such knowledge, or had known that a clear title could not have been delivered to the entire eight lots, they would not have purchased the property. Appellants aver, on information and belief, that Varn collected from them money in excess of the amount necessary to purchase the property, but did not disburse it to Allen, Meier, or Bryant; he either kept it himself, or divided it with Saunders and Giblin.

The bill prayed that Allen, Meier, and Bryant be compelled to satisfy the three purchase-money mortgages, and return the cash payment of $50,000, and that thereupon all the deeds be canceled. The original bill was dismissed, but with leave to amend, and an amendment was made to the effect that Varn, though acting as agent for appellants in the purchase of the property, had authority from Allen, Meier, and Bryant to negotiate and consummate the sale. The amendment added a prayer for an accounting by Varn, Saunders, and Giblin. Afterwards a motion to dismiss the bill as amended was sustained by the District Court.

[1] No misrepresentation is charged personally against Allen, Meier, or Bryant, owners of the lots; but they are sought to be held responsible on the theory that Varn, as their agent, had authority to bind them by his representations, made in consummating the sale, as to the condition of the title to each and all of the lots. The bill does not directly allege any defect of title, as distinguished from the lien of the $7,334 mortgage, to any of the lots, but only that in the opinion of attorneys, based on abstracts, certain defects of title existed. Nor was any positive averment in this respect made after the original bill had been held bad in the amendment which was filed by appellants. But, as already stated, even in the opinion of the attorneys who examined the abstracts after the boom was over, the only thing of any consequence that kept the title from being merchantable was the $7,334 mortgage on lots 7 and 8.

[2] No case for rescission is made out as to the four lots individually owned by Allen. The attempt to cloud his title and to hold him

responsible for the implied representations of the nonexistence of the $7,334 mortgage on lots that he neither owned nor agreed to convey, so as to make the total of the mortgage indebtedness assumed in excess of $20,666, must fail. The result is that appellants are not entitled to cancel the sale of the entire tract, and it is apparent, without going further, that, as appellants prayed only for cancellation of the entire tract, dismissal of the bill might well be sustained, solely on the ground that partial cancellation is not sought. The whole case is pitched on representations as to the $7,334 mortgage. But, in our opinion, the bill should have been dismissed, even though it be construed as praying only for cancellation of the remaining four lots, two of which were owned by Meier individually, and two by Meier and Bryant jointly.

[3] Conceding, for the purpose of argument, that Varn had authority to make representations concerning title, it would be necessary for appellants to go further, and show that they relied on such representations. Farnsworth v. Duffner, 142 U. S. 43, 12 S. Ct. 164, 35 L. Ed. 931. But this was not done. The averments are that reliance was had on the statement of Saunders as to the title, and on Varn only as to his promise to cure any minor defects. Saunders was not the agent of the owners, or either of them. He was accepted by appellants as their attorney, and they paid his fee for passing on the title. The owners merely listed their respective lots for sale, authorized Varn to deliver the deeds, and receive in their behalf the cash installment and purchase-money mortgages. So far as they were concerned, the purchasers were at liberty to make their own examination of the titles, and accept or reject them as they pleased. In these circumstances, the owners cannot be held responsible for the failure of appellants to resort to the proper means of ascertaining the true condition of the title. Pomeroy's Equity Jurisprudence, § 892.

It is apparent, not only that none of the owners attempted to perpetrate a fraud, but that Meier and Bryant took steps to secure appellants against any loss, by assigning their purchase-money mortgage, whose amount was about twice that of the mortgage of which appellants were ignorant. If any loss has been sustained by reason of the fraud of Varn, Saunders, or Giblin, the former owners of the property are not concerned. Appellants have as complete a remedy at law in respect of such fraud as they could possibly have in this suit. The decree is affirmed.